UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERT MICK III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22 CV 816 CDP |
| | ) |
| KADEL DESPORT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before me for review of subject-matter jurisdiction. Albert Mick brings this lawsuit alleging that he was injured in a car accident caused by Defendants. Mick invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. Because the complaint does not contain an adequate statement of the parties' citizenship, I will order Mick to file an amended complaint to properly allege this Court's subject-matter jurisdiction.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). While Mick seeks damages exceeding $75,000, his complaint fails to adequately allege

the citizenship of any of the parties.

First, Mick alleges the residence of the parties at the time of the car accident, May 1, 2022. But it is axiomatic that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). *See also Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 998 (8th Cir. 1964) ("diversity of citizenship must exist not as of the time the cause of action arises, but as of the time the suit is instituted."). Second, Mick alleges that he was a resident of Illinois and Defendant Kadel Desport was a resident of North Carolina. For an individual, the person's state of *citizenship*, not his state of *residence*, must be alleged. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014). It is insufficient to allege that a person is or was a "resident" of a particular state. *Id.* at 778.

Because there is no sufficient statement of citizenship with respect to any party in this case, I am unable to determine if this Court has subject-matter jurisdiction. Accordingly, I will give Plaintiffs fourteen (14) days to amend their complaint to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

Therefore,

**IS IT HEREBY ORDERED** that Plaintiff Albert Mick III shall file an amended complaint within fourteen (14) days of the date of this Order to properly allege this Court's subject-matter jurisdiction.  Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2022.