IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ALBERT MICK III,<br>1014 Freeburg Avenue<br>Belleville, IL  62220,<br><br>    Plaintiff,<br><br>vs.<br><br>KADEL DESPORT,<br>109 Meadowood Street, Apt. F<br>Greensboro, NC  27405,<br><br>and<br><br>U.S. XPRESS, INC., a corporation<br>2 Sun Court, Suite 400<br>Peachtree Corners, GA  30092,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO:    4:22-cv-00816 |

**FIRST AMENDED PETITION**

**COUNT I**
(Negligence)
Albert Mick v. Kadel Desport

COMES NOW the Plaintiff, Albert Mick, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, Kadel Desport, respectfully represents unto the Court as follows:

1.      On May 1, 2022, and at all times relevant hereto, Plaintiff, Albert Mick, resided in the City of Dupo, in the County of St. Clair, in the State of Illinois, and is therefore a citizen of the State of Illinois.

2.      On May 1, 2022, and at all times relevant hereto, Defendant, Kadel Desport, resided in the City of Greensboro, in the County of Guilford, in the State of North Carolina, and is therefore a citizen of the State of North Carolina.

3.      That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs interest and costs.

4.      That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5.      That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6.      That on May 1, 2022, the Plaintiff, Albert Mick, was operating a motor vehicle traveling Westbound on I-64 in St. Louis, Missouri on the Poplar Street Bridge.

7.      That on May 1, 2022, the Defendant, Kadel Desport, was operating a motor vehicle travelling Westbound on I-64 in St. Louis, Missouri on the Poplar Street Bridge.

8.      That at said time and place, the vehicle operated by the Defendant, Kadel Desport, crossed over into the Plaintiff's lane of traffic, struck the passenger side of Plaintiff's vehicle, causing Plaintiff to strike median, wherein after Defendant's vehicle struck the Plaintiff's vehicle again on the passenger side.

9.      At said time and place, the Defendant, Kadel Desport, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a.    The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

    b.    The Defendant improperly entered Plaintiff's lane of travel in violation of RSMo §304.015.5(1) without ascertaining that this movement could be made with safety;

    c.    The Defendant drove his vehicle in such a manner as to cause it to strike the passenger side of the Plaintiff's vehicle;

    d.    The Defendant failed to properly apply the brakes of the vehicle;

    e.    The Defendant failed to yield the right of way to oncoming traffic; and

    f.       The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway.

10.      As a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Kadel Desport, the Plaintiff was injured in one or more of the following ways:

    a.       The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, brain, neck, shoulders, right arm and back, both internally and externally;

    b.       The Plaintiff received injuries to his head;

    c.       The Plaintiff received injuries to his brain;

    d.       The Plaintiff received injuries to his neck;

    e.       The Plaintiff received injuries to his shoulders;

    f.       The Plaintiff received injuries to right arm;

    g.       The Plaintiff received injuries to his back;

    h.       The Plaintiff received injuries to the soft tissues of the cervical and shoulder area, including the muscles, ligaments, tendons and nerves;

    i.       The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    j.       The Plaintiff has suffered disability as a result of his injuries;

    k.       The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    l.       The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Albert Mick, prays judgment against the Defendant, Kadel Desport, for a fair and just award in excess of Seventy-five Thousand Dollars ($75,000.00) plus costs of this suit.

**COUNT II**
(Negligence/Respondeat Superior)
Albert Mick v. U.S. Xpress, Inc.

COMES NOW the Plaintiff, Albert Mick, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, U.S. Xpress, Inc., respectfully represents unto the Court as follows:

1. On May 1, 2022, and at all times relevant hereto, Plaintiff, Albert Mick, resided in the City of Dupo, in the County of St. Clair, and the State of Illinois, and is therefore a citizen of the State of Illinois.

2. That on May 1, 2022, and at all times relevant hereto, the Defendant, U.S. Xpress, Inc., was a corporation with its principal place of business located in Tennessee, and is incorporated in the State of Nevada, and is therefore considered a citizen of both Tennessee and Nevada.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs interest and costs.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. That on May 1, 2022, the Plaintiff, Albert Mick, was operating a motor vehicle traveling Westbound on I-64 on the Poplar Street Bridge in in the City of St. Louis, and the State of Missouri.

7. That on May 1, 2022, Defendant, U.S. Xpress, Inc., by and through its agent and employee, Kadel Desport, was operating a motor vehicle traveling Westbound on I-64 on the Poplar Street Bridge in the City of St. Louis, and the State of Missouri.

8. That at said time and place, the vehicle operated by the Defendant, U.S. Xpress, Inc., a corporation, by and through its agent and employee, Kadel Desport, entered into Plaintiff's lane of travel, and struck the passenger side of Plaintiff's vehicle.

9. At said time and place, the Defendant, U.S. Xpress, Inc., by and through its agent and employee, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

   b. The Defendant improperly entered Plaintiff's lane of travel in violation of RSMo §304.015.5(1) without ascertaining that this movement could be made with safety;

   c. The Defendant drove his vehicle in such a manner as to cause it to strike the passenger side of the Plaintiff's vehicle;

   d. The Defendant failed to properly apply the brakes of the vehicle;

   e. The Defendant failed to yield the right of way to oncoming traffic; and

   f. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway.

10. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, U.S. Xpress, Inc., by and through its agents and employee, Kadel Desport, the Plaintiff was injured in one or more of the following ways:

    a.    The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, brain, neck, shoulders, right arm and back, both internally and externally;

    b.    The Plaintiff received injuries to his head;

    c.    The Plaintiff received injuries to his brain;

    d.    The Plaintiff received injuries to his neck;

    e.    The Plaintiff received injuries to his shoulders;

    f.    The Plaintiff received injuries to right arm;

    g.    The Plaintiff received injuries to his back

    h.    The Plaintiff received injuries to the soft tissues of the cervical and shoulder area, including the muscles, ligaments, tendons and nerves;

    i.    The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    j.    The Plaintiff has suffered disability as a result of his injuries;

    k.    The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    i.    The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Albert Mick, prays judgment against the Defendant, U.S. Xpress, Inc., for a fair and just award in excess of Seventy-five Thousand Dollars ($75,000.00) plus costs of this suit.

Respectfully submitted,

/s/ Michelle M. Rich
BY:     RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #42912
Mrs. Kristina D. Cooksey #62580
Mrs. Michelle M. Rich #65592
Mr. Aaron J. Chappell # 64774
Ms. Caitlin Rich #72089
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrccfirm.com